UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL R. FANNING,

        Plaintiff,

v.

WEGCO, INCORPORATED,

        Defendant.

Civil Action No. 13-285 (BJR)

## MEMORANDUM OPINION

### GRANTING THE PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

### I. INTRODUCTION

This matter comes before the Court on the plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). Plaintiff Michael Fanning, acting as CEO and designated fiduciary of the Central Pension Fund of the I.U.O.E. and Participating Employers ("Central Pension Fund"), brought this action alleging that the defendant, Wegco Inc. ("Wegco"), failed to make contributions to employee benefit funds in violation of a collective bargaining agreement ("CBA") and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1145. Wegco, though properly served, has not responded to the complaint. Accordingly, Plaintiff now seeks entry of default judgment and monetary damages. For the reasons discussed below, the Court grants the motion.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On March 31, 2005, Wegco entered into a CBA with the International Union of Operating Engineers, Local 547 ("the Union"), effective from July 1, 2005 until June 30, 2010. Plaintiff's Motion for Entry of Default Judgment ("Pl's Mot."), Dkt. #10, App. 000011-12. Under the CBA, Wegco was required to contribute payments for each qualifying hour of work performed by covered employees. *See id.* App. 000003. Plaintiff claims that Wegco failed to make the required contribution for the month of April 2010. Compl. ¶ 9.[1] Plaintiff alleges that Wegco submitted a check for April 2010, in the amount of $8,400 dollars, but that the check was dishonored. *Id.* ¶ 15.

On March 4, 2013, Plaintiff commenced this action seeking recovery of the delinquent contributions and additional relief available under ERISA. *Id.* at 5. Plaintiff served Wegco with summons on by substituted service on May 21, 2013. *See* Return of Service, Dkt. #3. After Wegco failed to respond to the Complaint, Plaintiff requested an entry of default on June 28, 2013 and served Wegco with a copy of the affidavit in support of default. Aff. in Supp. of Default, Dkt. #5, at 4. On July 1, 2013, the Clerk of the Court entered default against Wegco. *See* Dkt. #6. Though counsel for Wegco corresponded with Plaintiff following the entry of default, Wegco never filed an answer or other response to the Complaint. On August 9, 2013, this Court ordered Plaintiff to file a motion for default judgment by August 26, 2013, or risk dismissal for lack of prosecution. *See* Minute Order of August 9, 2013. Plaintiff filed this motion on August 22, 2013, pursuant to Fed. R. Civ. P. 55(b)(2),[2] which was also served on the

---

[1] Plaintiff initially sought recovery of contributions for May and June 2010 as well, *see* Compl. ¶ 9, but withdrew those claims in the motion for default judgment. Pl's Mot. at 7.

[2] Rule 55 specifies a two-step process for a party seeking to obtain a default judgment. First, the plaintiff must request that the Clerk of the Court enter a default against the party who has "failed to plead or

defendant. *See* Pl.'s Mot. at 45. Plaintiff contends that it is entitled to entry of a default judgment because Wegco has failed to appear, answer, plead or otherwise defend itself in response to the summons and complaint. *Id.* at 2. Plaintiff seeks an order awarding a total of $15,417.57, representing the contributions owed, prejudgment interest, liquidated damages, and attorney fees. *Id.* at 4. The Court turns now to the applicable legal standard and the plaintiffs' requests for relief.

### III. ANALYSIS

#### A. Legal Standard for Entry of Default Judgment Under Rule 55(b)(2)

A court has the power to enter default judgment when a defendant fails to defend its case appropriately or otherwise engages in dilatory tactics. *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 375 n.5 (D.C. Cir. 1980). Fed. R. Civ. P. 55(a) provides for entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Upon request of the party entitled to default, Rule 55(b)(2) authorizes the court to enter against the defendant a default judgment for the amount claimed and costs. Fed. R. Civ. P. 55(b)(2). Because courts strongly favor resolution of disputes on their merits, and because "it seems inherently unfair" to use the court's power to enter judgment as a penalty for filing delays, modern courts do not favor default judgments. *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). Accordingly, default judgment usually is available "only when the adversary process has been halted because of an essentially

---

otherwise defend" against an action. FED. R. CIV. P. 55(a). Second, if the plaintiff's claim is not for a "sum certain," the party must apply to the court for an entry of default judgment. *Id.* 55(b)(2). This two-step process gives a defendant an opportunity to move to set aside a default before the court enters judgment. *Id.* 55(c); *see also H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.D.C. 1970) (stating that "[t]he notice requirement contained in Rule 55(b)(2) is . . . a device intended to protect those parties who, although delaying in a formal sense by failing to file pleadings . . .

unresponsive party . . . [as] the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Id.* at 836 (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970)).

Default establishes the defaulting party's liability for the well-pleaded allegations of the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001); *Avianca, Inc. v. Corriea*, 1992 WL 102999, at *1 (D.D.C. Apr. 13, 1992); *see also Brock v. Unique Racquetball & Health Clubs, Inc.*, 786 F.2d 61, 65 (2d Cir. 1986) (noting that "default concludes the liability phase of the trial"). Default does not, however, establish liability for the amount of damage that the plaintiff claims. *Shepherd v. Am. Broad. Cos., Inc.*, 862 F. Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995). Instead, "unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins*, 180 F. Supp. 2d at 17; *see also Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (stating that the court must conduct an inquiry to ascertain the amount of damages with reasonable certainty). The court has considerable latitude in determining the amount of damages. *Jones v. Winnepesaukee Realty*, 990 F.2d 1, 4 (1st Cir. 1993). To fix the amount, the court may conduct a hearing. FED. R. CIV. P. 55(b)(2). The court is not required to do so, however, "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment." *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997).

### B. The Court Grants Plaintiff's Motion for Default Judgment

#### 1. The Defendant is Liable to the Plaintiff

---

have otherwise indicated to the moving party a clear purpose to defend the suit").

Default judgment is appropriate when an unresponsive party has halted the adversary process. *H. F. Livermore Corp.*, 432 F.2d at 691. As noted above, Plaintiff served Wegco with the complaint on May 21, 2013. Since that date, Wegco has failed to plead or otherwise defend itself in this action. Given the defendant's unresponsiveness, the court concludes that the entry of default judgment is appropriate. *See Fanning v. Permanent Solution Indus., Inc.*, 257 F.R.D. 4, 7 (D.D.C. 2009) (concluding that the defendant was liable to the plaintiff because the defendant had failed to respond to the complaint or otherwise defend itself); *Int'l Painters & Allied Trades Indus. Pension Fund v. Auxier Drywall, LLC*, 531 F. Supp. 2d 56, 57 (D.D.C. 2008) (entering a default judgment because of the defendant's failure to request that the court set aside the default or suggest that it had a meritorious defense).

As a result of the entry of default, the Court construes all well-pleaded allegations as admitted. *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C. 2002) (citing *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 63 (2d Cir. 1971), *rev'd on other grounds,* 409 U.S. 363 (1973)); *accord Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994). Plaintiff asserts that Wegco violated the CBA and ERISA by failing to make the April 2010 contribution. *See* Compl. ¶ 9. Plaintiff relies on the CBA, a remittance form submitted by Wegco, and a check, allegedly dishonored. Pl's Mot. at 4-5. These well-pleaded allegations that Wegco never paid the Central Pension fund are sufficient to establish Wegco's liability. *Adkins*, 180 F. Supp. 2d at 17; *see also Fanning*, 257 F.R.D. at 7 (concluding that the plaintiffs sufficiently alleged facts to support their claims and accepting the well-pleaded allegations as true).

### 2. The Court Grants Plaintiffs' Request for Monetary Damages

29 U.S.C. § 1132(g)(2) provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

When moving for default judgment, the plaintiffs must prove that they are entitled to the requested damages. *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30 (citing *Oberstar v. Fed. Deposit Ins. Comm'n*, 987 F.2d 494, 505 n.9 (8th Cir. 1993)). Unless the amount of damages is certain, the court must make an independent determination of the sum to be awarded. *Adkins*, 180 F. Supp. 2d at 17. The court may rely on detailed affidavits or documentary evidence provided by the plaintiffs in order to calculate the plaintiffs' damages. *R.W. Amrine Drywall Co.*, 239 F. Supp. 2d at 30 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)). Thus, although Plaintiff is entitled to relief in the form of unpaid contributions, interest on the unpaid contributions, liquidated damages specified in the plan but not in excess of twenty percent of the unpaid contributions, and any other appropriate equitable relief, 29 U.S.C. § 1132(g)(2), he must prove these damages to a reasonable certainty, *Flynn v. Extreme Granite, Inc.*, 671 F. Supp. 2d 157, 162 (D.D.C. 2009) (deeming the plaintiffs' estimate of damages "as accurate as possible under the circumstances"); *Combs v. Coal & Mineral Mgmt. Servs., Inc.*, 105 F.R.D. 472, 474 (D.D.C. 1984) (awarding monetary damages because the plaintiff's

affidavit set forth a calculation of the requested damages that the court was able to ascertain as accurate).

Plaintiff contends that Wegco failed to remit $8,400.00 in unpaid benefit contributions for April 2010. Pl's Mot. at 4-5. Plaintiff seeks recovery of that unpaid contribution, as well as $2,382.57 in pre-judgment interest (calculated at 9 percent, the rate provided under the plan) and $1,680.00 in liquidated damages (calculated at a rate of 20 percent of the unpaid contributions per annum). *Id.* Additionally, Plaintiff seeks $2,955.00 in attorney's fees and costs. *Id.* at 6. The total amount sought by Plaintiff is $15,417.57. *Id*. at 7. Plaintiff has provided the Court with sufficient information to ascertain money damages with reasonable certainty.

The CBA provides for a contribution of $5.00 per hour worked, up to 40 hours per week, effective July 1, 2009. *Id.* App. 000013. This rate would have been in effect for the month of April, 2010. Plaintiff submitted a remittance form for the month of April 2010, listing $8400.00 in "total contributions." *Id.* App. 000018. The breakdown on the following page lists seven employees, each with 240 contributory hours, making the monthly contribution for each employee $1200.00, and the total contribution $8400.00." *Id.* App. 000019. Plaintiff also attached to its motion a check for $8400.00 from Wegco to the "Central Pension Fund." *Id.* App. 000020. This evidence is sufficient for the Court to determine that Plaintiff has correctly calculated the unpaid contribution. *See Int'l Painters & Allied Trades Indus. Pension Fund v. Lasalle Glass & Mirror Co.*, 2010 WL 1539763, at *4 (D.D.C. Apr. 19, 2010) (approving the plaintiffs' calculation of damages as reasonable because the plaintiffs estimated the unpaid contributions due each month based on an average of the three previous months for which reports were submitted).

The amounts Plaintiff claims for interest and liquidated damages flow directly from the amount of unpaid contributions. 29 U.S.C. § 1132(g)(2) provides that "interest on unpaid contributions shall be determined by using the rate provided under the plan." The Central Pension Fund Restated Agreement and Declaration of Trust authorizes and empowers trustees to assess and receive liquidated damages "in an amount up to twenty percent (20%) of the amount found to be delinquent," and "lost interest from the delinquent amounts, to be calculated at the rate of 9% simple interest." Pl's Mot. App. 000008-9.

Twenty percent of $8,400.00 is $1,680.00, and thus the amount of liquidated damages is established. As for interest, the Court must first determine the period of time that the contribution remained unpaid. The CBA specifies that contributions to the Central Pension Fund were to be made monthly, within thirty days of the date required by the Fund. *Id.* App. 000013-14. Fanning's declaration, submitted with Plaintiff's Motion, gives the due date for the April 2010 contribution as June 1, 2010, which appears to confirm the CBA language. *Id.* App. 000002. The Court determines that the relevant interest period runs from June 1, 2010 to August 22, 2013, when Plaintiff filed this action. At nine percent simple interest, the Plaintiff is entitled to collect $2,439.91.[3]

Finally, Plaintiff requests attorney's fees and costs in the amount of $2,955.00. The documentation attached to Plaintiff's motion indicates that Plaintiff incurred $2,425.00 in attorney's fees and $130.00 in costs associated with service of process. *Id.* App. 000023-26. Plaintiff also claims a $400.00 filing fee. *Id.* at 6. The service of process costs are fully

---

[3] This amount differs slightly from the Plaintiff's requested amount, $2,382.57. Plaintiff erroneously calculated the interest period as 1,151 days. *See* Pl's Mot. App. 000003. It is actually 1,178 days. Plaintiff also uses August 26, 2013 as the end date, presumably because that was the date before which the Court instructed Plaintiff to file a motion for default. *See* Minute Order, August 9, 2013. Because Plaintiff actually filed the motion on August 22,

documented. The attorney's fees reflect a little under ten hours of work at a rate of $250.00 per hour. Plaintiff did not provide information concerning applicable market rates, but instead referred only to the *Laffey* matrix, citing *Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 15 (D.D.C. 2000). Nevertheless, the Court concludes that Plaintiff's request for attorney's fees and costs is reasonable. The $250.00 per hour rate is within the range approved recently by this Court in *LaSalle*, 267 F.R.D. at 435 ($220.00 per hour), and in *Int'l Painters & Allied Trades Indus. Pension Fund v. Dettrey's Allstate Painting, LLC*, 763 F. Supp. 2d 32, 37 (D.D.C. 2011) (same). Though Plaintiff claims to have spent $400.00 on the filing fee, there is no documentation of this payment. The receipt referenced in the docket lists only the standard $350.00 fee. *See* Dkt. #1.[4]

For the foregoing reasons, the Court grants Plaintiff's motion for default judgment, and awards Plaintiff $15,424.91 - $8,400.00 in unpaid contributions, $1,680.00 in liquidated damages, $2,439.91 in interest, and $2,905.00 in attorney's fees and costs. An Order consistent with this Memorandum Opinion will issue separately.

November 21, 2013

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

2013, the Court has used the filing date as the closing date for the interest period.
[4] The Court notes that the current filing fee is indeed $400.00. It reflects not only the $350.00 statutory fee mandated under 28 U.S.C. § 1914(a), but also the additional $50.00 administrative fee adopted by the Judicial Conference under § 1914(b). That administrative fee took effect on May 1, 2013, after this action was filed.